UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| EZRICK A. WHALEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos: 1:07-cr-139 |
| | ) | 1:09-cv-092 |
| | ) | (MATTICE/CARTER) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Ezrick A. Whaley ("petitioner"). The government has filed its response to the motion. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II. <u>Factual Background</u>

Pursuant to a plea agreement filed on January 24, 2008, petitioner pleaded guilty on February 4, 2008, to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). [Criminal Action No. 1:07-cr-139, Court File No. 17, Plea Agreement (Under Seal); Court File No. 18, Minute Entry, Change of Plea]. By judgment entered May 21, 2008, petitioner was sentenced as an armed career offender to the minimum mandatory term of imprisonment of 180 months. [*Id*., Court File No. 27, Judgment]. Petitioner did not appeal his conviction or sentence. Instead, he waited almost a year to file his § 2255 motion.

In support of his § 2255 motion, petitioner alleges he received the ineffective assistance of counsel. Petitioner specifically claims that, after he pleaded guilty but before he was sentenced, the confidential witness who had provided the firearm to law enforcement

2

and testified before the grand jury as to petitioner's ownership of the firearm contacted petitioner's attorney and stated that she had perjured herself. According to petitioner, the witness told defense counsel that the firearm was really hers and not petitioner's, and that petitioner pleaded guilty only because the witness had a terminal illness. Petitioner further claims that defense counsel sent an investigator to interview the witness and the investigator obtained a confession. Defense counsel then told plaintiff that she was going to ask for a continuance of sentencing and look into getting the charges dropped, but later told petitioner she did not believe the witness's new story. Petitioner alleges that counsel's failure to bring this new evidence to the attention of the judge constituted ineffective assistance of counsel. [*Id*., Court File No. 29, Motion to Vacate, p. 5]. Contained within petitioner's allegation of ineffective assistance of counsel is the implication that his guilty plea is invalid.

III.     Discussion

*A. Voluntariness of Guilty Plea*

In 1969, the United States Supreme Court held that, prior to the acceptance of a guilty plea, there must be "an affirmative showing that it [is] intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A guilty plea cannot be knowing and voluntary unless entered with the defendant's full understanding of the charges against him and the possible consequences of his plea. *Brady v. United States*, 397 U.S. 742, 748 (1970).

3

Petitioner's plea agreement set forth the following factual basis in support of his guilty plea:

    a. On November 26, 2007, the defendant possessed a Beretta 9mm pistol.

    b. The Beretta 9mm pistol was manufactured outside the state of Tennessee and did travel in [and] affect interstate commerce.

    c. Prior to possessing this firearm the defendant had been convicted of a least one (1) crime punishable by a term of imprisonment exceeding one (1) year, namely, Sale of Cocaine, and the defendant had not had his right to possess firearms restored.

    d. All of the above events occurred in the Eastern District of Tennessee.

[Criminal Action No. 1:07-cr-139, Court File No. 17, Plea Agreement, pp. 2-3, ¶ 4 (Under Seal)].

The Plea Agreement also specified that petitioner was facing a sentence of up to 10 years if he was found not to be an armed career criminal and a sentence of not less than 15 years if he was found to be an armed career criminal. [*Id*. at 1, ¶ 1(a)]. The parties agreed that the court could impose any lawful term of imprisonment up to the statutory maximum. [*Id*. at 2, ¶ 2(a)]. Petitioner acknowledged the elements of the crime that the government would be required to prove beyond a reasonable doubt and stated that he was pleading guilty because he was in fact guilty. [*Id*., ¶ 3]. He further acknowledged the rights he was giving up by pleading guilty. [*Id*. at 3, ¶ 5]. He also acknowledged that no promises had been made by the government as to what his sentence would be; that his sentence would not be

4

determined until after the U.S. Probation Office prepared a pre-sentence report; and that his sentence would be based upon the entire scope of his criminal conduct, his criminal history, the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553. [*Id*. at 5-6, ¶ 11]. Petitioner agreed that he would not file a direct appeal and he waived the right to file a motion pursuant to 28 U.S.C. § 2255 for any reason other than claims of ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of sentencing. [*Id*. at 6, ¶ 13 (a)-(b)].

In accepting petitioner's guilty plea, the court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [*Id*., Court File No. 31, Transcript of Change of Plea]. The court first determined that petitioner was 30 years old and had obtained his GED degree. [*Id*. at 3]. The court next determined that petitioner was competent to enter a guilty plea. [*Id*. at 4]. The court then advised petitioner of the rights he was giving up by pleading guilty. [*Id*. at 5-6]. Petitioner was specifically asked whether anyone had threatened him or forced him to plead guilty; he answered "No, sir" to the question. [*Id*. at 6]. He also answered "No, sir" to the question of whether any officer or agent of the government had suggested he would receive a lighter sentence by pleading guilty. [*Id*. at 8].

The court advised petitioner of the elements of the crime to which he was pleading guilty and which the government would be required to prove beyond a reasonable doubt. [*Id*. at 9]. At the court's request, the government stated on the record the minimum and maximum

5

penalties that petitioner was facing. [*Id*. at 9-10]. The court determined that petitioner understood his sentence would be determined by the court after referring to the applicable sentencing guidelines and other relevant information. [*Id*. at 12-13].

The government then stated the factual basis for the plea. [*Id*. at 13]. Upon questioning by the court, petitioner agreed with the government's summary of the facts and stated that he was pleading guilty because he was in fact guilty. [*Id*. at 13-14]. The court then accepted the guilty plea.

> [I]t's the finding of the Court in the case of *United States of America versus Ezrick Alexander Whaley*, that the defendant is fully competent and capable of entering an informed plea. And that his plea of guilty to is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense charged. His plea is, therefore, accepted and he is now adjudged guilty of that offense.

[*Id*. at 14].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced or is otherwise illegal where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961). It is well-settled that where a court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690,

6

696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

Moreover, the court notes that, when given the opportunity to speak prior to the imposition of his sentence, petitioner simply stated: "I would just like to get this matter behind me, Your Honor, you know, so I can get started on my time and get out as soon as possible and get, start my life over again." [Criminal Action No. 1:07-cr-139, Court File No. 32, Transcript of Sentencing Hearing, p. 13]. Petitioner made no mention of the fact that the witness against him had allegedly recanted or that he was not guilty of the crime to which he pleaded guilty.

Based upon the foregoing, petitioner cannot now allege that his guilty plea was not knowing and voluntary, or was otherwise invalid. The record reflects that petitioner knowingly and voluntarily signed the plea agreement and pleaded guilty.

### B. *Assistance of Counsel*

Petitioner alleges that his attorney failed to bring to the court's attention the fact that the witness against him had allegedly recanted. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance

prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The two-part test of *Strickland* also applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988).

> We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258 (1973)], and *McMann v. Richardson*, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is

8

a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58-59 (footnote omitted).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

At the outset, the court notes that petitioner waived the right to file a motion pursuant to 28 U.S.C. § 2255 for any reason other than claims of ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of sentencing. Such a waiver is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) ("Accordingly, we hold that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."); *see also Davila v. United States*, 258 F.3d 448 (6th Cir. 2001) (defendant's waiver of § 2255 relief in a plea agreement barred a collateral attack based upon ineffective assistance of counsel).

Petitioner alleges that, prior to his sentencing, he was aware his attorney had been contacted by the witness who allegedly claimed she had perjured herself. Clearly, then, at the time of his sentencing petitioner was aware of his attorney's alleged ineffective assistance of counsel but failed to bring it to the court's attention. Accordingly, petitioner has waived his right to pursue a claim of ineffective assistance of his counsel.

<font color="000000">9</font>

<font color="000000">Case 1:07-cr-00139-HSM-WBC Document 39 Filed 08/29/12 Page 9 of 12 PageID #: 148</font>

In any event, petitioner's claim of ineffective assistance of counsel lacks merit. During his sentencing hearing, petitioner acknowledged that he had read and discussed the presentence report with his attorney. [Criminal Action No. 1:07-cr-139, Court File No. 32, Transcript of Sentencing Hearing, p. 2]. Defense counsel stated there were no objections to the report. [*Id*.]. The Presentence Report stated the following offense conduct:

> On November 27, 2007, a Confidential Witness contacted law enforcement in Bradley County, Tennessee, and reported that the previous day, on November 26, 2008 [sic], Ezrick Whaley had given him/her a firearm to hold and a teeshirt to dispose of.... The shirt had been disposed of on that same day by throwing it away in a dumpster, however, agents were able to recover the teeshirt. The confidential witness still possessed the firearm and turned the weapon over to agents. The firearm was identified as a loaded Beretta 9mm semiautomatic pistol.
>
> On December 4, 2007, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives questioned Ezrick Whaley at the Bradley County Jail where he was being held for non-support (child support). After he was advised of his rights, Mr. Whaley admitted that he possessed the firearm which he had purchased 'on the street' for $100.00.

[*Id*., Presentence Investigation Report, pp. 3-4, ¶¶ 5-6]. As noted earlier, when given the opportunity to speak, he did not contest those facts.

The confidential witness who testified before the grand jury against petitioner would have testified under oath. Petitioner admitted his guilt to the investigating officers and then admitted his guilt under oath in both his written plea agreement and during his guilty plea hearing and sentencing hearing. The fact that the witness later recanted her testimony does

10

not establish petitioner's innocence nor does it make his admissions of guilt less credible.[1] At best, defense counsel could have moved to withdraw the guilty plea. Given petitioner's admissions of guilt, however, there was no reason for petitioner's attorney to have believed the motion would be granted. In addition, had petitioner been allowed to withdraw his plea and proceed to trial, counsel could have reasonably concluded that he would have been found guilty based upon the witness's grand jury testimony and petitioner's confession.

Moreover, petitioner received the mandatory minimum sentence. Had petitioner gone to trial and been convicted, he was have lost the sentencing benefit he got by entering a plea of guilty. Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

IV.     Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a

---

[1] Approximately six weeks after petitioner filed his § 2255 motion to vacate, the court received a letter from a woman who claims to be the confidential witness and who states that the firearm was hers and not petitioner's, and that petitioner pleaded guilty to protect her. [Court File No. 34, Letter]. The letter was not notarized or otherwise signed under penalty of perjury and will not be considered by the court.

11

certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

  **AN APPROPRIATE ORDER WILL ENTER.**

            */s/Harry S. Mattice, Jr.*
            HARRY S. MATTICE, JR.
            UNITED STATES DISTRICT JUDGE